UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICK S. RILEY ]
    Plaintiff, ]
 ]
v. ] No. 3:10-0598
 ] Judge Campbell/Brown
DARON HALL, et al. ]
    Defendants. ]

## O R D E R

There are a number of motions from the plaintiff pending in this matter which shall be addressed at this time. Plaintiff's pending motions include :

**Docket Entry No.48** - a motion in which the plaintiff requests removal of Riley v. Hall, No. 10C2195 (Binkley, J., presiding), from the Fifth Circuit Court of Davidson County to this Court. Copies of the proceedings in the state court are not attached to this motion, and so the undersigned is not sure exactly what was filed in that court. However, from a description of the action provided by the plaintiff, it appears that whatever was filed has been dismissed and there is no pending action in state court. In any event, an action is properly removed from state to federal court by a defendant to the action. See 28 U.S.C. §§ 1443,1446(a). In this instance, the plaintiff was not a defendant in the action for which he seeks removal. Therefore, this motion is **DENIED**.

**Docket Entry No.49** - a motion to amend the petitioner's already amended complaint. By this motion, the plaintiff seeks to add Officer K. Mahoney, a police officer in the Warrants Division, and the Metro Nashville Police Department, as defendants. The plaintiff claims that these defendants are liable to him because Officer Mahoney would not issue an arrest warrant for the jail guards who allegedly assaulted him.

Where an amendment of a complaint would be futile, leave to amend should be denied. <u>Kottmyer v. Maas</u>, 436 F.3d 684, 692 (6th Cir.2006). This action is being brought pursuant to 42 U.S.C. § 1983. That statute requires a showing of a constitutional violation brought about by someone acting under color of state law.

A private citizen, such as the plaintiff, lacks a judicially cognizable interest in the prosecution or non-prosecution of another individual. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614,619 (1973). Thus, the plaintiff had no right to the issuance of an arrest warrant charging his guards with assault. <u>Leeke v. Timmerman</u>, 454 U.S. 83, 86 (1981)(defendants allegedly blocked the issuance of arrest warrants for the prosecution of prison guards).

Since the refusal to issue an arrest warrant did not violate the plaintiff's constitutional rights, an amendment adding Mahoney and the Metro Nashville Police Department to this action would be futile. Accordingly, plaintiff's motion to amend is also **DENIED**.

**Docket Entry No.50** - a motion for an order to perpetuate testimony. This motion was filed by the plaintiff to ensure that he

has an opportunity to talk with and obtain affidavits from eight other inmates who might have information relevant to this action. The plaintiff fears that one or more of these inmates might be transferred or released from custody before he can talk with them. He also asks the Court to order the defendants to identify some of the inmates and provide their addresses.

An initial case management hearing was held on November 30, 2010. During the hearing, this motion was discussed and was verbally **DENIED** from the bench. At that time, it was explained to the plaintiff that the information he seeks from the other inmates could be obtained through discovery. The plaintiff was also told that, should he be unable to obtain the information he seeks, a motion to compel could be filed at a later date. The plaintiff has since appealed the denial of this motion to the District Judge. *See* Docket Entry No.129.

**Docket Entry No.84** - motion for a subpoena to force the production of documents. The plaintiff filed this motion to compel the defendants to produce documents in support of his motion for preliminary injunctive relief (Docket Entry No.63).

The Court has issued a scheduling order (Docket Entry No.126) to manage discovery in this case. The plaintiff's request for documents should be addressed to the defendants rather than the Court. Should the production of documents be impeded in any impermissible way, the plaintiff can file a motion with the Court to compel production. Consequently, this motion is **DENIED**.

**Docket Entry No.108** - a motion for order causing physical and mental examination. By this motion, the plaintiff seeks to have an independent assessment made of his physical and mental health.

This motion was also discussed at the initial case management hearing held on November 30, 2010. At that time, the plaintiff provided no medical records to support his contention that an independent medical examination was needed. Therefore, the motion was verbally **DENIED** from the bench. The plaintiff has also appealed the denial of this motion to the District Judge. See Docket Entry No.129.

The plaintiff's motions involve, for the most part, matters more properly addressed through discovery between the parties. With the entry of the scheduling order, the discovery process has begun. The plaintiff must first ask the defendants to provide him with the information he seeks. Only after he has been unsuccessful in this regard will the Court become involved in discovery matters.

It is so ORDERED.

_____
Joe B. Brown
United States Magistrate Judge