UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK S. RILEY ]<br>    Plaintiff, ]<br>]<br>v. ]<br>]<br>DARON HALL, et al. ]<br>    Defendants. ] | No. 3:10-0598<br>Judge Campbell/Brown |

**To: Honorable Todd Campbell, District Judge**

# REPORT AND RECOMMENDATION

By an order (Docket Entry No. 11) entered July 27, 2010, the Court referred this action to the undersigned for entry of "a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending is a Motion to Dismiss (Docket Entry No. 69) filed by the defendant, Correct Care Solutions, LLC, plaintiff's Response (Docket Entry No. 100) in opposition to the Motion to Dismiss, and defendant's Reply (Docket Entry No. 110) to the plaintiff's Response.

A careful review has been made of the complaint (Docket Entry No. 1), plaintiff's amendment of the complaint (Docket Entry No. 27), defendant's Motion to Dismiss, plaintiff's Response and defendant's Reply to the Response. For the reasons stated below, the Magistrate Judge

finds merit in the defendant's Motion to Dismiss.

## I. BACKGROUND

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983, alleging unconditional conditions of confinement while he has been in the custody of the Davidson County Sheriff's Department. More specifically, the plaintiff claims (1) that he was beaten up by two officers without provocation, (2) that he was denied due process during a disciplinary proceeding, (3) that he has been denied adequate medical care, (4) that his right to privacy was violated when he was forced to expose himself to a female member of the medical staff, (5) that the defendants have failed to provide for his special dietary needs and, (6) that he was denied access to the courts.

Correct Care Solutions is under contract to provide medical care for prisoners in the custody of the Davidson County Sheriff's Department. Docket Entry No. 1 at pgs. 11-12. As a consequence, Correct Care employees are on site at county penal facilities to provide medical care as needed. The plaintiff claims that this defendant violated his rights under the Eighth Amendment "by totally ignoring repeated requests for medical attention and treatment"

> a) during a four month period beginning April, 2009 through August, 2009;
> b) during a two month period beginning January, 2010 through March, 2010; and
> c) for injuries directly related to his beating at the hands of two officers (refusal to order an MRI).

*Id.* at pg. 48.

He further alleges that this defendant has "created a policy, custom or procedure that effectively denies adequate treatment for serious medical needs." Docket Entry No. 27-1 at pg. 40.

2

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1969 (2007). Accordingly, the complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, though, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

## III. DISCUSSION OF THE ISSUES

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

Correct Care Solutions is an employer whom the plaintiff seeks to hold liable for the alleged failures or mistakes of its employees.[1] This, then, in essence, is liability posited on a theory of respondeat superior. But the plaintiff can not sue a defendant solely because of its status as an employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of

---

[1] "... it is alleged by the plaintiff that the medical supervisors, Drs., nurses and other support staff if any have been deliberately indifferent to the serious medical needs of the plaintiff by denial or delay of treatment to serious medical needs." Docket Entry No. 101 at pg. 4.

liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a defendant in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

To reach the level of participation necessary to incur liability under § 1983, an employer must have promulgated a custom, policy, practice or procedure that led to the deprivation of a plaintiff's constitutional rights. Carter v.Morris, 164 F.3d 215, 218 (4th Cir. 1999); *see also* Street v. Corrections Corporation of America, 102 F.3d 810, 817-818 (6th Cir. 1996). In this regard, the plaintiff has alleged that the defendant "created a policy, custom or procedure that effectively denies adequate treatment for serious medical needs." Docket Entry No. 27-1 at pg. 40. The plaintiff, however, has said nothing more about the role that Correct Care Solutions, LLC played in his medical care. His medical claims evolve from his interaction with Correct Care employees. He has not identified the policy, custom or procedure that he alluded to in his claim against this defendant. The plaintiff has offered no documents or factual allegations that would suggest to the Court that the plaintiff was denied medical care as a matter of policy or custom. Therefore, it appears that the plaintiff has failed to state a claim against this defendant for which relief can be granted.

### R E C O M M E N D A T I O N

For the reasons discussed above, the plaintiff has failed to state a claim against Correct Care Solutions, LLC for which relief can be granted. Therefore, the undersigned respectfully RECOMMENDS that the defendant's Motion to Dismiss (Docket Entry No. 69) be GRANTED and all claims against this defendant be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court

within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* <u>Thomas v. Arn</u>, 106 S.Ct. 466 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

                /S/ Joe B. Brown
                Joe B. Brown
                United States Magistrate Judge