UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PATRICK S. RILEY | ] | |
|---|---|---|
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:10-0598 |
| | ] | Judge Campbell/Brown |
| DARON HALL, et al. | ] | |
| Defendants. | ] | |

**To: Honorable Todd Campbell, Chief District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No.11) entered July 27, 2010, the Court referred this action to the undersigned for entry of "a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending is plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Docket Entry No.81) and a Response (Docket Entry No.109) from the defendant, Correct Care Solutions, LLC, in opposition to the Motion. For the reasons stated below, the undersigned finds no merit in the plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order.

1

On April 9, 2010, two guards at the Hill Detention Center in Nashville allegedly attacked the plaintiff without provocation and caused him considerable injury. Docket Entry No. 27 at pg. 20. The plaintiff was taken to the infirmary and was eventually transported to a hospital for medical treatment. *Id.* at pgs. 25-28.

Despite receiving medical care, the plaintiff claims that "several injuries were overlooked and left untreated." Docket Entry No. 81 at pg. 2. He believes that Correct Care Solutions, the health care provider for inmates at the Hill Detention Center, "is refusing to fully document the injuries sustained in the assault." *Id.*

The plaintiff is seeking an order from the Court forcing the defendants to conduct a more thorough examination of his injuries. In addition, he asks that the defendants be instructed to provide him with the medical treatment needed to repair his injuries, any physical therapy and rehabilitation that might be indicated, and "continued, uninterrupted severe chronic intractable pain management." *Id.* at pg. 3.

The grant or denial of a preliminary injunction is a matter within the sound discretion of the district court. <u>Tucker v. City of Fairfield, Ohio</u>, 398 F.3d 457,461 (6th Cir.2005). A plaintiff seeking preliminary injunctive relief must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the

balance of equities tip in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 129 S.Ct. 365, 374 (2008). If it is found that a constitutional right is threatened or impaired, a finding of irreparable injury is mandated. Bonnell v. Lorenzo, 241 F.3d 800, 809 (6th Cir. 2001).

The first factor to be considered is the likelihood that the plaintiff will succeed on the merits. The plaintiff is seeking injunctive relief related to his claims of inadequate medical care.

The Eighth Amendment guarantees a prisoner the right to medical care.[1] This right has been violated when jail officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

Following the assault, the plaintiff admits that he was taken to the jail infirmary and, later, to an outside hospital for medical care. Docket Entry No.83 at pg.2. He has had x-rays taken on at least two occasions. *Id.* The plaintiff has undergone two MRIs to diagnose further injuries. *Id.* at pgs.3-4. He has had surgery to

---

[1] The Eighth Amendment prohibition against cruel and unusual punishment is applicable to those who have already been convicted of a crime. Ingraham v. Wright, 430 U.S. 651,664 (1977). At the time of his alleged attack, the plaintiff was a pre-trial detainee. Docket Entry No.27 at pg.8. Nevertheless, the rights guaranteed to a convicted prisoner by the Eighth Amendment have been extended to pre-trial detainees through the Due Process Clause of the Fourteenth Amendment. Weaver v. Shadoan, 340 F.3d 398,410 (6th Cir.2003). Thus, claims challenging the conditions of confinement for a pre-trial detainee are analyzed under the Eighth Amendment. *See* Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir.1994).

correct a problem with his shoulder, *Id.* at pg.11, and has met with specialists to discuss his injuries. *Id.* at pg.8. The plaintiff has been given medication for his pain, *Id.* at pgs.2-3, and steroids. *Id.* at pg.6. The plaintiff acknowledges that he has been seen numerous times by medical personnel at his place of confinement. Docket Entry No.82 at pg.2. From these facts, it appears that the defendants have not been deliberately indifferent to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. <u>Hill v.Jones</u>, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. <u>Estelle</u>, *supra* at 429 U.S. 105-106. Hence, the plaintiff has not as yet shown a likelihood that he will succeed on the merits of his medical claims.

The next factor to consider is whether the plaintiff is likely to suffer irreparable harm in the absence of injunctive relief. The plaintiff claims that, under present conditions, he is facing the possibility of paralysis from some undiagnosed cause. Docket Entry No.83 at pg.7. The plaintiff, however, has offered no medical documentation to suggest that paralysis is a likely possibility.

4

His concerns in this regard seem to be speculative at best.

The relief sought by the plaintiff would necessarily require the Court to override the judgment of medical professionals who are currently treating the plaintiff. Such a course of action would neither serve the plaintiff's best interest nor the public interest. Finally, the plaintiff has failed to show that the balance of equities tip in his favor.[2]

**R E C O M M E N D A T I O N**

For the reasons discussed above, the plaintiff has failed to demonstrate a need for injunctive relief at this time. Accordingly, the undersigned respectfully RECOMMENDS that the plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order be DENIED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order

---

[2] It should also be noted that the provisions of 18 U.S.C. § 3626(a)(2) specifically require the Court to give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the issuance of a preliminary injunction with respect to a civil action relating to prison conditions.

regarding the Report and Recommendation. *See* <u>Thomas v. Arn</u>, 106 S.Ct. 466 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                            Respectfully submitted,

                                            /S/ Joe B. Brown
                                            Joe B. Brown
                                            United States Magistrate Judge