UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICK S. RILEY | ] | |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:10-0598 |
| | ] | Judge Campbell/Brown |
| DARON HALL, et al. | ] | |
|     Defendants. | ] | |

**To: Honorable Todd Campbell, District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

Presently pending before the Court is a Motion for Judgment on the Pleadings (Docket Entry No.158). This Motion was filed by nine defendants that include Daron Hall, Kevin Cox, Pam Hale, Marcus Bodie, John Troup, Joel Pace, Ben Dicharia, Hugh Watson and Josh Robins.[1] A tenth defendant, Wade Hales, has filed a Motion to Adopt the Motion for Judgment on the Pleadings (Docket Entry No.176). The plaintiff has filed nothing in opposition to the defendants' Motions.

### I. BACKGROUND

On April 9, 2010, the plaintiff was a pre-trial detainee being

---

[1] These defendants have dubbed themselves the "DCSO Defendants" because they all are members of the Davidson County Sheriff's Office.

housed in the punitive segregation unit at the Hill Detention Center in Nashville. Docket Entry No.27 at pg.8. That morning, breakfast was served to inmates in the unit. The plaintiff, however, did not receive a special dietary tray. *Id.* at pg.11. He began knocking on his cell door in an attempt to bring this to the guards' attention. *Id.* at pg.12. At first, the guards ignored the plaintiff. *Id.* at pg.13. Later, though, Officer Troup came to the plaintiff's cell and opened the door. *Id.* at pg.14. The plaintiff was escorted from his cell to a holding cell. *Id.* at pg.16.

The plaintiff entered the holding cell. Officer Troup followed him inside while Officer Pace remained outside at the cell door. *Id.* at pg.17. According to the complaint, as amended, Officer Troup warned the plaintiff to stop kicking his cell door. When the plaintiff asked to see a senior officer and requested grievance forms, Officer Troup sprayed him in the eyes with a chemical irritant and pulled the plaintiff face down to the ground. *Id.* at pg.18.

Officer Pace then allegedly joined Officer Troup as they began to assault the plaintiff. *Id.* at pg.20. Lt. Hales, along with Officers Dicharia and Watson, arrived at the cell but refused to intervene on the plaintiff's behalf. *Id.* at pg.22. When Officers Pace and Troup finished beating the plaintiff, he was handcuffed and taken to the infirmary. *Id.* at pgs.23-28.

The incident prompted Officer Troup to file a disciplinary

report charging the plaintiff with creating a disturbance, refusing a direct order, interfering with an officer's duties, and attempted assault. The plaintiff claims that these charges are false. *Id.* at pg.32. Nevertheless, Marcus Bodie, in his capacity as a disciplinary hearing officer, found the plaintiff guilty of the charges and sentenced the plaintiff to serve thirty (30) days in punitive segregation. Docket Entry No.27-1 at pgs.7-9.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

The plaintiff has alleged numerous claims against these defendants. Those claims arise from the events described above.[2] But the defendants are not seeking judgment at this time for every claim against them. The defendants have specifically stated that they are not seeking judgment on the pleadings for the First Amendment claims raised against Officers Pace and Troup. Further, they are not seeking dismissal of the Fourteenth Amendment claims against Lt. Hales and Officers Pace, Troup, Dicharia and Watson relating to the excessive use of force. Finally, the defendants are not seeking judgment at this time on the excessive use of force claim against Officer Robins. Docket Entry No.159 at pgs.5-6, fn.2.

## III. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may seek judgment on the pleadings. A motion under

---

[2] The claims against Josh Robins arose from an entirely separate incident which will be discussed in greater detail below.

Rule 12(c) is subject to the same type of legal standard as that applied to motions under Rule 12(b)(6). <u>Vickers v. Fairfield Medical Center</u>, 453 F.3d 757,761 (6th Cir.2006). A motion to dismiss under Rule 12(b)(6) is reviewed under the standard that dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory. <u>Bell Atlantic Corp. V. Twombly</u>, 127 S.Ct. 1955, 1969 (2007). Accordingly, the complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, though, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436-437 (6th Cir. 1988).

### IV. DISCUSSION OF THE ISSUES

The plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or

4

privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

**A) Eighth Amendment Claims**

Throughout the events described in the amended complaint, the plaintiff was a pre-trial detainee. Docket Entry No.27 at pg.8. He has specifically alleged or, in some instances, implied that each of the DCSO defendants inflicted cruel and unusual punishment upon him in violation of the Eighth Amendment.

The Eighth Amendment was designed to protect those convicted of a crime from cruel and unusual punishment. Ingraham v. Wright, 430 U.S. 651,664 (1977). Thus, the Eighth Amendment is not an appropriate vehicle for a pre-trial detainee to challenge conditions of his confinement. Phillips v. Roane County, Tennessee, 534 F.3d 531, 539 (6th Cir.2008). Therefore, the Eighth Amendment does not provide the plaintiff with a remedy for his grievances.[3]

**B) Respondeat Superior**

Daron Hall is the Sheriff of Davidson County. Pam Hale and Kevin Cox are administrators at the Hill Detention Center. Lt. Wade Hales is a senior Officer at the Hill Detention Center.

The plaintiff claims that each of these defendants is liable to him for the misdeeds of their subordinates. More specifically,

---

[3] Claims generally actionable for a convicted prisoner arising from the Eighth Amendment are available to a pre-trial detainee through the Due Process Clause of the Fourteenth Amendment. City of Revere v.Massachusetts General Hospital, 463 U.S. 239,244 (1983).

he asserts respondeat superior as a theory for recovery against them. Docket Entry No.27-1 at pgs.1,4,13 and 42.

The plaintiff can not sue a defendant solely because of his or her status as an employer or supervisor. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a defendant in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

The plaintiff has suggested that these defendants were indirectly involved in the alleged constitutional violations because they failed to act after being told of their subordinates' misconduct. However, supervisory liability under § 1983 can not be based upon a mere failure to act. Active unconstitutional behavior is needed. Combs v. Wilkinson, 315 F.3d 548,558 (6th Cir.2002). Likewise, § 1983 relief will not be granted against jail officials whose only involvement was the denial of administrative remedies. Summers v. Leis, 368 F.3d 881,888 (6th Cir.2004); *see also* Shehee v. Luttrell, 199 F.3d 295,300 (6th Cir.1999). Thus, the plaintiff's claims against Daron Hall, Kevin Cox, Pam Hale and Wade Hales based upon a theory of supervisory liability are not actionable.

**C) False Disciplinary Charges**

The plaintiff alleges that Officers Troup, Pace, Dicharia and Watson violated his rights when they filed false disciplinary charges to cover up the unprovoked attack upon him. Docket Entry No.27-1 at pgs.19,31-32,37 and 39.

The filing of false disciplinary charges against an inmate, without more, does not constitute a violation of the inmate's rights redressable under § 1983. Person v. Campbell, 1999 WL 454819 (6th Cir. (Tenn.)); see also Riley v. Church, 1996 WL 145846 (6th Cir. (Mich.)). Therefore, these claims are subject to dismissal.

**D) Disciplinary Hearing**

The defendant, Marcus Bodie, conducted a disciplinary hearing and found the plaintiff guilty of misconduct. For this misconduct, the plaintiff was ordered to serve thirty (30) days in punitive segregation. The plaintiff has identified several procedural errors in the proceeding that he believes led to a denial of his right to Due Process. Docket Entry No.27-1 at pgs.8-10.

For several years, it was well settled that an inmate facing the possibility of disciplinary sanctions was entitled to a certain degree of procedural due process. Wolff v. McDonnell, 418 U.S. 539 (1974). This process included advance written notice of the charge, a hearing to resolve the charge during which the accused may present documentary evidence and call witnesses, and a written statement from the fact-finder describing the evidence relied upon

and the reasons for the disciplinary action taken.

The Supreme Court, however, has changed the methodology used to determine whether an inmate has a liberty interest worthy of due process protection. *See* Sandin v. Conner, 115 S.Ct. 2293 (1995). Federal courts are no longer required to examine the language of prison regulations to ascertain whether substantive restrictions have been placed upon the discretion of prison officials. Rather, our inquiry now focuses on whether the imposition of a particular disciplinary sanction " presents the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, *supra* at 115 S.Ct. 2301.

The Sandin opinion reaffirmed that when a prison disciplinary sanction directly affects the length of a prisoner's incarceration, the prisoner has an inherent liberty interest subject to the procedural safeguards announced in Wolff, *supra*. However, when the disciplinary sanction contemplated would not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the procedural due process described in Wolff does not apply. Sandin, *supra* at 115 S.Ct. 2300.

There is nothing in the complaint to suggest that the plaintiff was made to suffer an atypical and significant hardship sufficient to create a liberty interest subject to constitutional protection. *See* Sandin, *supra* (finding that thirty days in punitive segregation was neither atypical nor a significant hardship).

8

Moreover, there is no evidence to suggest that the disciplinary sanction imposed upon the plaintiff directly affected the length of his incarceration. Thus, the plaintiff's disciplinary convictions and subsequent punishment did not offend his right to due process.

**E) Conspiracy Claims**

The plaintiff alleges that, in violation of 42 U.S.C. § 1985, the DCSO defendants, with the exception of Officer Josh Robins, conspired to cover up the unprovoked assault upon him. Docket Entry No.27-1 at pgs.3,5,11,19,37,and 39.

To establish a claim arising under 42 U.S.C. § 1985, the plaintiff is required to plead and prove (1) that a conspiracy involving two or more persons, (2) for the purpose of depriving, either directly or indirectly, a person or class of persons the equal protection of the laws, and (3) an act in furtherance of that conspiracy, (4) that causes injury to person or property, or a deprivation of a right or privilege. <u>Collyer v. Darling</u>, 98 F.3d 211, 233 (6th Cir.1996).

Here, the plaintiff has set forth nothing more than the conclusory allegation that the defendants acted in concert. He has failed to offer any type of factual basis to show that the alleged conspirators had a meeting of the minds to deprive him of his rights. In addition, the equal protection element of a cause of action under 42 U.S.C. § 1985 requires the plaintiff to show that he is both the member of a protected class and that the conspiracy

came about because of some class-based discriminatory animus. Bartell v. Lohiser, 215 F.3d 550,559 (6th Cir.2000). The plaintiff has made no such showing. As a consequence, he has failed to adequately state a conspiracy claim against the DCSO defendants.

**F) Claims Against Officer Josh Robins**

On January 20, 2010, the plaintiff was attending a preliminary hearing before the Davidson County General Sessions Court. Docket Entry No.27-1 at pg.63. As he stood to raise objections, Officer Robins, presumably pursuant to the instructions of the judge, "physically silenced" the plaintiff by removing him from the courtroom and taking him to a holding cell. *Id.* The plaintiff told Officer Robins that he wished to return and address the court. Officer Robins then "physically pushed the plaintiff across a large metal stool." *Id.* at pg.64.

From this incident, the plaintiff has alleged First, Eighth and Fourteenth Amendment violations. As noted above, the plaintiff's pre-trial detainee status precludes any claims premised upon the Eighth Amendment. Moreover, the defendants are not seeking a dismissal at this time of any Fourteenth Amendment claim grounded in an alleged excessive use of force. Therefore, the question remains whether, based upon the First and Fourteenth Amendments, the plaintiff had a right to remain in the courtroom, raise objections, present evidence and cross-examine witnesses. *Id.*

The courtroom is a nonpublic forum where the First Amendment

rights of everyone there are at their constitutional nadir. Mezibov v. Allen, 411 F.3d 712,718 (6th Cir.2005). Thus, whether someone will be allowed to remain in the courtroom and speak is a matter within the considered discretion of the judge.

Undoubtedly, the plaintiff was removed from the courtroom by Officer Robins at the direction of the judge. A bailiff or an officer acting in that capacity enjoys absolute quasi-judicial immunity for actions "specifically ordered by the trial judge and related to the judicial function." Martin v. Hendren, 127 F.3d 720,721 (8th Cir.1997); *see also* Alkire v. Irving, 305 F.3d 456,469-470 (6th Cir.2002)(a defendant is entitled to quasi-judicial immunity when carrying out the lawful orders of a judge). The plaintiff's removal from the courtroom during a preliminary hearing was clearly a matter related to the judicial function. Consequently, Officer Robins is immune from any claim arising from either the First or Fourteenth Amendments related to his removal from the courtroom.

### R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned finds merit in the defendants' Motions for Judgment on the Pleadings. Therefore, it is respectfully RECOMMENDED that these Motions be GRANTED and all claims against Daron Hall, Kevin Cox, Pam Hale and Marcus Bodie be DISMISSED.

It is further RECOMMENDED that all claims against Lt. Hales, Officers Troup, Pace, Dicharia and Watson also be DISMISSED, with the exception of those First and Fourteenth Amendments claims arising from the assault upon him. Finally, it is RECOMMENDED that all claims against Officer Robins be DISMISSED, with the exception of the Fourteenth Amendment claim arising from his treatment in the holding cell.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 106 S.Ct. 466 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge