UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICK S. RILEY,           )
                            )
        Plaintiff           )
                            )        No. 3:10-0598
v.                          )        Judge Campbell/Brown
                            )        **Jury Demand**
DARON HALL, et al.,         )
                            )
        Defendants          )

**TO: THE HONORABLE TODD J. CAMPBELL**

## REPORT AND RECOMMENDATION

Presently pending in this matter are four almost identical motions on behalf of all Defendants for sanctions to include dismissal with prejudice with fees and costs (Docket Entries 212, 214, 216 and 217). These motions are supported by memorandums (Docket Entries 213 and 215) and remaining Defendants have adopted the previously-filed memorandum to avoid unnecessary duplication. For the reasons stated below, the Magistrate Judge recommends that these motions be granted and that this case be dismissed with prejudice for failure to prosecute and failure to obey court orders.

## BACKGROUND

The Plaintiff originally filed his complaint in June of 2010 against a large number of Defendants. The complaint itself was 57 pages long with some 40 pages of attached supporting documents. Accordingly to the factual allegations (Docket Entry 1, p. 14)[1] all this began on April 9, 2010, when he was allegedly

---

[1]The Magistrate Judge will use the pagination assigned by the ECF system in referring to pages numbers and footnotes.

served an improper diet tray. The Plaintiff alleges that he protested the lack of a proper diet tray by calling for the rockman and knocking on his cell door. He then kicked the door to get the attention of another officer walking by. He continued to knock loudly on his door to attract the attention of officers whom he believed were ignoring him. He states that when the officers finally did respond they were very displeased with his actions and took him out of his cell and put him in a holding cell. He states once he was in the holding cell Officers Troup and Pace pepper-sprayed him and generally roughed him up by twisting his arms and kicking him in the head and ribs.

He contends that he did not resist, but complied with the officers demands to allow them to handcuff him. He stated that a couple of other officers and Lt. Hales stood by the door and did not assist him. He states that he was bloodied by this assault and was taken to Metro General Hospital where his injuries included seven stitches above his left eyebrow, knots on the side of his head and jaw, along with a bruised nose and jaw. He also says that his left shoulder and ribs were swollen and bruised, his lower back had soft tissue injury, his hips were bruised, and he had a soft tissue injury to his neck. He alleges that he complained about the matter and various nurses and doctors did not give him any assistance at the jail. They declined to take pictures of his injuries as he had requested. He states that when he was x-rayed he had a fractured L-7 rib. He also continued to complain of pain in his left shoulder and back. He alleges that Dr. Vargas declined to give him further treatment or medication.

He stated that the assault aggravated a prior left rotary cuff injury from 2009 to his left shoulder. He contends that

during these prior incarcerations he did not receive adequate medical care in 2009 and early 2010.

He contends that he was on a restricted diet and was to receive no turkey products. He contends that the jail continued to serve him turkey and when he protested he was punished by being served uncooked fish and raw spaghetti, in improper portions. He also complains that the investigation of his various complaints were improperly handled and that he suffered retaliation due to his complaints.

Subsequently, the Plaintiff filed an amended complaint (Docket Entry 27) consisting of 129 pages of complaint and exhibits. Because of the large number of Defendants the Plaintiff named in his complaint, it took some time to obtain service of process. The Plaintiff did summarize the theory of his case on December 13, 2010 (Docket Entry 128).

The Magistrate Judge subsequently prepared a report and recommendation recommending that the claims against many of the Defendants be dismissed (Docket Entry 182). This report and recommendation was adopted (Docket Entry 188), leaving limited claims against Defendants Hales, Troup, Pace, Watson, Osborne, Dicharia, Vargas, Greer, Robins, Harrell, Roundtree, and Bucholz.[2]

Sometime in March the Plaintiff provided the Court with a change of address to Anderson Road in Nashville, which is shown by the Clerk to be current address (Docket Entry 179). Since that time certified mail to the address has generally been returned as either refused/undeliverable or unclaimed (*see* Docket Entries 209,

---

[2]There is one Defendant, Jane Doe, who was a nurse. However, the Plaintiff has made no effort to identify or serve her.

Case 3:10-cv-00598   Document 218   Filed 10/27/11   Page 3 of 8 PageID #: 1481

210, 211).  The docket sheet does not reflect that regular mail sent to that address has been returned to the court.

There is also pending a summary judgment motion filed by Defendants Greer, Harrell, Osborne, Roundtree, Bucholz, and Vargas, all employees of Correct Care Solutions (CCS) (Docket Entry 194 filed 6-6-11).  The Plaintiff has made no response to this motion, nor has the Plaintiff made any response to the other motions to dismiss cited above.

The Magistrate Judge attempted to have a telephone conference to discuss various matters in this case on August 4, 2011.  However, the Plaintiff did not contact the Court in any way concerning this telephone call and the Magistrate Judge subsequently directed him to show cause within 14 days why the Magistrate Judge should not recommend dismissal of his case for failing to participate in discovery and failing to obey Court orders.  The Plaintiff was specifically warned in that order (Docket Entry 207) that failure to respond would result in a recommendation that his case be dismissed for failure to prosecute and obey Court orders.

## LEGAL DISCUSSION

In the motions for sanctions to include dismissal all of the Defendants have pointed out that they have sent various discovery requests to the Plaintiff, beginning in January of 2011 and they have received no responses from the Plaintiff.

It appears that the Plaintiff, having secured his release from custody, has totally lost interest in this case.  He has failed to respond to the pending motion for summary judgment (Docket Entry 194) on behalf of a number of the Defendants; he has failed to respond to the Magistrate Judge's order to show cause

(Docket Entry 207); and he has failed to respond to the four motions for sanctions to include dismissal (Docket Entries 212, 214, 216 and 217).

The Magistrate Judge believes that the CCS Defendants' motion for summary judgment is well-taken. The Plaintiff has failed to respond to the statement of facts in support of the motions for summary judgment, and they may therefore be taken as accurate. The Magistrate Judge further believes that their memorandum in support (Docket Entry 195) accurately summarizes in the law in this matter and need not be repeated.

The Plaintiff's medical records, which are attached to the motion (Docket Entry 194, attachment 1) show that the Plaintiff received consistent medical treatment during his various stays at the jail facility. Even assuming that there was some negligence or delay in treatment, it does not appear that it rises to a constitutional violation. The case law is clear that mere negligence in providing medical treatment is insufficient. In addition, it is also clear that the complaints about mistreatment from 2009 are barred by the Tennessee one-year statute of limitations.

However, apart from the motion for summary judgment, the Magistrate Judge believes that the Plaintiff's flagrant disobedience of Court orders and failure to participate in discovery fully justifies dismissal of his case with prejudice apart from other grounds.

Failure to obey court orders constitute violations of Fed. R. Civil P. 16, as well as 41(b): A dismissal with or without prejudice is a drastic remedy, and before the Court dismisses an

action under Rules 16 or 41(b), the court must specifically consider:

> "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case Plaintiff was provided a scheduling order, which set forth requirements to respond to discovery requests as well as the need to respond to dispositive motions (Docket Entry 126, p. 4). It does not appear that the Plaintiff has responded to any substantive motion since the first of the year. He has not objected to any of the previous report and recommendations by the Magistrate Judge. He did request, and was granted, a change in the scheduling order in early January 2011 (Docket Entries 141, 142) and he did provide a change of address notice from prison to a civilian address on March 23, 2011 (Docket Entry 179). The Plaintiff received certified mail at this address, which he signed for in April 2011 (Docket Entries 184, 185), and certified mail which he again signed for on June 20, 2011 (Docket Entry 202). Since then certified mail appears to have been unclaimed or undeliverable.

The Defendants quite correctly point out the Plaintiff has not provided them with a current address and he has not responded to any of their discovery requests. They are clearly prejudiced by their lack of a current address for the Plaintiff and his responses to their discovery requests. Without any knowledge of where the Plaintiff is, they cannot conduct meaningful discovery in the case. Likewise, the Plaintiff has failed to participate in

scheduled telephone conferences and to respond to Court orders to show cause.

Under these facts, the Magistrate Judge believes that the four factors of the *Tetro* case cited above have been met, and that dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases toward resolution. The Plaintiff is presently out of touch with the Court, has failed to respond to motions to dismiss, or to participate in discovery, despite being given numerous opportunities to explain his conduct or to provide discovery.

Under these circumstances, the Magistrate Judge believes that dismissal with prejudice is the only appropriate remedy.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the present motions for sanctions to include dismissal (Docket Entries 212, 214, 216, 217) should be **GRANTED**. In the event these motions are granted, the pending motions for summary judgment (Docket Entry 494) by the CCS Defendants would be moot. However, if the motions to dismiss under Rule 41(b) are not granted, the Magistrate Judge would recommend that the motions for summary judgment (Docket Entry 194) be granted for the reasons stated in the supporting memorandum (Docket Entry 195).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

      **ENTERED** this 27th day of October, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge